835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph ZOTTARELLI, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3126.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1987.
 
 Before MARKEY, Chief Judge, RICH and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), Docket Nos. NY07528610503 and NY07528610541, sustaining the removal of petitioner from his position with the United States Postal Service (agency), is affirmed.
 
 OPINION
 
 2
 The Board sustained the agency's decision to remove petitioner for falsification of travel vouchers. In this appeal, petitioner contends the Board erred in (1) crediting his supervisor's testimony instead of his own, and (2) considering hearsay evidence.
 
 
 3
 The presiding official characterized petitioner's explanation of the submission of the travel vouchers as "incredible," and observed that his "evasive demeanor and the ad hoc nature of his explanations bespoke of a less than candid rendering of the facts of [his] case." It is not our function to second-guess the credibility determinations of the presiding official, which were based on the demeanor of the witnesses during the hearing. DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985); see also Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (credibility determinations by presiding officials are "virtually unreviewable"). Where, as here, the presiding official did not find petitioner's testimony credible, we will not reweigh the evidence and substitute our judgment for that of the Board. DeSarno, 761 F.2d at 661.
 
 
 4
 We likewise reject petitioner's claim that the Board incorrectly considered hearsay in reviewing the evidence against him. "[H]earsay evidence may be substantial evidence in an administrative proceeding if there are circumstances which give it credibility and probative value to a reasonable mind." Sanders v. United States Postal Serv., 801 F.2d 1328, 1331 (Fed.Cir.1986). Because the hearsay testimony and documents here were credible and corroborated, the Board's consideration of them was not arbitrary, capricious or an abuse of discretion. 5 U.S.C. Sec. 7703(c).